UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 2:24-cv-3803-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 2. He also moves to proceed *in forma pauperis*. ECF No. 7. The petition raises claims related to a conviction for first degree murder from May 2006. ECF No. 2 at 2. Petitioner seems to acknowledge that his petition is untimely and argues that the petition should be considered because he is actually innocent under *Schlup v. Delo*, 513 U.S 298 (1995). However, petitioner's actual innocence arguments do not save his untimely petition, and I recommend that it be dismissed as time-barred. I will grant petitioner's motion to proceed *in forma pauperis*.

The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas proceeding must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled

1

1    to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147
2    F.3d 1124, 1127 (9th Cir. 1998). Here, it plainly appears that petitioner is not entitled to relief.

3          The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-
4    year statute of limitations on claims challenging a state conviction or sentence. 28 U.S.C.
5    § 2244(d)(1). The statute of limitations runs from either the date on which the state court
6    judgment became final by direct review or the expiration of time for seeking such review, or "the
7    date on which any impediment to filing an application created by State action in violation of the
8    Constitution or law of the United States is removed, if the applicant was prevented from filing by
9    such State action," whichever is later. *Id.* The limitations period is tolled while a properly filed
10   application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). An
11   application for such relief is only "properly filed" if it is authorized by and in compliance with
12   state law. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when
13   its delivery and acceptance are in compliance with the applicable laws and rules governing
14   filings."). There is no tolling for periods of unreasonable delay between state court applications.
15   *See Carey v. Saffold*, 536 U.S. 214, 225 (2002).

16         Here, petitioner's conviction was, at the time he filed his initial petition, more than
17   eighteen years old. I have reviewed the amended petition and see that petitioner filed his initial
18   state habeas petition in 2009; the California Supreme Court denied it that same year. ECF No. 2
19   at 52. Between 2009 and 2023, petitioner filed twelve more state habeas petitions, all of which
20   were denied. *Id.* I have identified nothing within the current petition suggesting that petitioner is
21   entitled to the extraordinary degree of tolling needed to make his petition timely.

22         I recognize that petitioner is arguing that he is actually innocent, as established by "new"
23   evidence, but this argument is unpersuasive. First, the evidence he references is not new. In his
24   petition, he argues that his conviction is based on unreliable hearsay testimony, which he
25   challenged at trial. *See* ECF No. 2 at 3 (noting that unreliable hearsay was challenged during a
26   closed hearing at petitioner's trial). He also challenges the jury instructions, arguing that they
27   improperly included lesser included offenses. *Id.* at 4. However, this challenge is insufficient to
28

1  establish "actual innocence." *See Stephens v. Herrera*, 464 F.3d 895, 89 (9th Cir. 2006) ("The
2  mere fact of an improper instruction is not sufficient to meet the test for actual innocence.").

3      It is true that the Supreme Court has held that "actual innocence, if proved, serves as a
4  gateway through which a petitioner may pass to overcome the expiration of the statute of
5  limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  To meet the threshold for such a
6  "gateway" claim, however, the petitioner must persuade the court that, based on the newly
7  presented evidence, no reasonable juror would have voted to find him guilty beyond a reasonable
8  doubt. *Schlup*, 513 U.S at 329.  This "actual innocence" exception is limited to "certain
9  exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S.
10 518, 521 (2006); *see also McQuiggin*, 569 U.S. at 386 (noting that "tenable actual-innocence
11 gateway pleas are rare").  Importantly, the "new reliable evidence" necessary to support an actual
12 innocence claim should be "exculpatory scientific evidence, trustworthy eyewitness accounts, or
13 critical physical evidence." *Schlup*, 513 U.S. at 324.

14     Petitioner has not presented evidence of this kind; there is no actual evidence presented in
15 the petition.  Instead, petitioner's claim amounts to nothing more than conclusory arguments that
16 he was convicted based on unreliable hearsay and "confusing" jury instructions, which he
17 attempts to support by including certain former state court filings and excerpts of trial testimony
18 that do not actually help the court better understand his position.  *See* ECF No. 2 at 7-54.

19     Given the defects identified above, petitioner's claims are time-barred and cannot proceed
20 beyond screening.  I recommend that the court dismiss the petition.

21     Accordingly, it is ORDERED that:

22     1.    The Clerk of Court shall assign a district judge to this action.

23     2.    Petitioner's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

24     Further, it is RECOMMENDED that the petition, ECF No. 2, be DISMISSED without
25 leave to amend as untimely.

26     These findings and recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
28 service of these findings and recommendations, any party may file written objections with the

1 court and serve a copy on all parties. Any such document should be captioned "Objections to
2 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
3 within fourteen days of service of the objections. The parties are advised that failure to file
4 objections within the specified time may waive the right to appeal the District Court's order. *See*
5 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
6 1991).

IT IS SO ORDERED.

Dated: May 22, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE